## CIRCUIT COURT OF CAROLINE COUNTY

Upshaw

v.

Town of Port Royal et al.

January 18, 1990

Case No. CL87-33

By JUDGE WILLIAM H. LEDBETTER, JR.

In their amended motion for declaratory judgment, the Upshaws seek a writ of mandamus to compel the Town of Port Royal to make a survey and plan of the town pursuant to Virginia Code § 15.1-363. This matter came on for a hearing on January 10, 1990, after which it was taken under advisement. The Town does not dispute the statute's mandate. However, it contends that it has complied with the statute by recognizing surveys of the town made many years ago and still relied upon by town officials and private land surveyors.

The statute requires that a town "cause to be made a survey and plan" showing distinctly each lot, street and alley, the size and number of the lots, and the width of the streets and alleys. The plan is prima facie evidence of the boundaries of lots, streets and alleys.

The Town of Port Royal was first laid out in 1743 by Robert Brooke. That plat, dated October 19, 1743, the original of which apparently is now lost, was reproduced in 1849, and the reproduction was recorded in the Clerk's Office of this court. In 1906, at the request of the Town Council, T. T. Arnold platted the town following the same grid pattern, with similar street widths, as the earlier plan, making practical adjustments for changes that apparently had taken place on the land. In his notations, Arnold explained that he had "re-aligned the streets and squares."

This plat was recorded in the Clerk's Office of this court on April 13, 1909. Also see the discussion in this court's opinion of April 12, 1988, in *Upshaw v. Town of Port Royal and VEPCO*, 13 Va. Cir. 152 (1988).

The testimony indicates that the Arnold plat, which the court finds to be a refinement of the earlier town plat, has been accepted and used as the town plan for generations. Although no official records can be found to establish that the Town Council formally adopted the plat, or any plat, it is obvious from the Arnold plat itself that the survey was done "at the request of the Council of the Town . . . ." Further, resolutions adopted and actions taken by the Town Council through the years show that the governing body of the Town of Port Royal has consistently used and relief upon the Arnold plat.

When the General Assembly enacted § 15.1-363, it took into account the fact that a town may already have had a plan. The statute obligates a town to make a survey and plan "*unless it has already been done.*"

The Upshaws claim that the Arnold plat and the Brooke plat, upon which it builds, are inaccurate and confusing. Expert testimony shows that the plat is adequately reliable, although admittedly an updated plat would be an improvement.

Without doubt, a town plan that is based on surveys in 1743 and 1906 can be improved upon. Modern surveying techniques surely would enhance the accuracy of a plat that is almost a century old.

The court sympathizes with the Upshaws' difficulty in locating their front property lines, a difficulty that has been a factor in several matters of litigation over the last several years. However, these difficulties do not permit the court to mandate a new town plan. The statute does not give the judiciary power to compel new plans on the ground that an updated survey would be more reliable, more accurate, or an improvement over the existing one. The legislation does not paint with such a broad brush.

The court is of the opinion that the Town of Port Royal has a town plan, as envisioned in § 15.1-363, and that the plan meets the statutory requirements.

Accordingly, the writ is denied.